ORDERED.

Dated: May 09, 2025

_____
Catherine Peek McEwen
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

IN RE:

| | |
|---|---|
| **DARREN KENNETH OUZTS** | **CASE NO.: 8:24-bk-07659-CPM** |
| *aka* **DARREN OUZTS** | **CHAPTER: 7** |
| *aka* **DARREN K OUZTS** | |
| **CYNTHIA TAVARES COSTA** | |
| *aka* **CYNTHIA T COSTA** | |
| *aka* **CYNTHIA COSTA** | |
| **DEBTOR(S).** | |
| _____/ | |

**AGREED ORDER GRANTING MOTION FOR IN REM RELIEF
FROM AUTOMATIC STAY [DE#23]**

This cause came on for consideration of the Motion for Relief from Automatic Stay [DE#23] filed by **U.S. Bank National Association** on March 14, 2025 and Response to Motion for Relief [DE#24] filed by the Trustee on April 8, 2025. By submission of this order for entry, the submitting counsel represents that the opposing party consents to its entry. As a result, it is:

**ORDERED:**

1. Movant's Motion is GRANTED – *effective, at the end of the day, ninety (90) days from the date of entry of this order*. However, if the Trustee obtains a contract for the sale

of the Real Property prior to the end of the day ninety (90) days from the date of entry of this order, then stay relief shall become effective only upon the withdrawal or the denial of any motion to approve sale by this Court. The parties also agree that the Trustee may continue to market the Property, pursue a sale, obtain a contract, and/or obtain approval of any proposed sale up through the date of any judicial foreclosure sale date.

2. The automatic stay imposed by 11 U.S.C. § 362 is terminated as to Movant's interest in the following property:

THE FOLLOWING DESCRIBED REAL PROPERTY SITUATED IN THE CITY OF NEW PORT RICHEY, COUNTY OF PASCO, STATE OF FLORIDA, DESCRIBED AS:LOT 291, NATURE'S HIDEAWAY PHASE III, ACCORDING TO THE MAP OR PLAT THEREOF, AS RECORDED IN PLAT BOOK 27, PAGES 137 THROUGH 140, OF THE PUBLIC RECORDS OF PASCO COUNTY, FLORIDA.

**Property Address: 2218 Egret Walk Ct, New Port Richey, FL 34655**

3. This order lifting the automatic stay is entered for the sole purpose of allowing Movant to obtain an *in rem* judgment and complete a foreclosure as to the above described property and Movant (contingent upon the Debtor receiving a discharge in this case) shall neither seek nor obtain an *in personam* judgment against the Debtor(s).

4. All communications sent by Secured Creditor in connection with proceeding against the property including notices required by state law and communications to offer and provide information with regard to a potential Forbearance Agreement, Loan Modification, Refinance Agreement, Loss Mitigation Agreement or other Loan Workout, may be sent directly to the Debtor(s).

5. This Order is entered for the sole purpose of allowing Movant, its successors and/or assigns, to commence and/or continue through judgment, sale, certificate of title and possession, a foreclosure against the property described above. Movant may also commence and/or continue to pursue loss mitigation options, including forbearance, loan modification, or refinance.

6. The stay imposed by Fed. R. Bankr. P. 4001(a)(3) is waived.

###

**AGREED TO BY FORM:**

/s/ Scott C. Lewis, Esq.
Scott C. Lewis, Esq.
FBN 112064
813-221-4743 ext. 2603
Albertelli Law
Attorney for Secured Creditor
PO Box 23028
Tampa, FL 33623
Facsimile: (813) 221-9171
slewis@albertellilaw.com


/s/ Richard M. Dauval
Richard M Dauval
LeavenLaw
3900 First Street North, Suite 100
St. Petersburg, FL 33703
727-327-3328
Fax : 727-327-3305
Email: data@leavenlaw.com


*Attorney, Scott C. Lewis, is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.*