ORDERED.

Dated:  September 09, 2025

_Catherine M. Ewen_
Catherine Peek McEwen
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re: | Case No: 8:24-bk-07659-CPM |
| | Chapter 7 |
| Darren Kenneth Ouzts | |
| Cynthia Tavares Costa | |
| Debtor(s)._____/ | |

ORDER GRANTING MOTION TO SELL REAL PROPERTY
AND PAY SECURED CREDITORS AND PAY TRANSACTIONAL COSTS
(2218 Egret Walk Ct., New Port Richey, FL 34655)

THIS CASE came on for consideration of Chapter 7 Trustee, Traci K. Stevenson's ("Trustee") Motion to Sell Real Property and Pay Transactional Costs (the "Motion") (Dkt. No. 37).  The Motion was served upon all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to respond within 21 days of the date of service; no party filed a response within the time permitted; and the Court therefore considers the Motion unopposed.  Accordingly, it is:

**ORDERED** and **ADJUDGED** as follows:

1. The notice of the Motion is approved as proper and adequate under the circumstances.

2. The Motion is GRANTED and the sale to Cristin M. Javor and Alexander G.

Javos, or assigns, or ultimate purchaser, ("Buyer(s)") is approved.

3. The Trustee is authorized to sell the estate's interest in real property located at 2218 Egret Walk Ct., New Port Richey, FL 34655, more particularly known as:

> THE FOLLOWING DESCRIBED REAL PROPERTY SITUATED IN THE CITY OF NEW PORT RICHEY, COUNTY OF PASCO, STATE OF FLORIDA, DESCRIBED AS: LOT 291, NATURE'S HIDEAWAY PHASE III, ACCORDING TO THE MAP OR PLAT THEREOF, AS RECORDED IN PLAT BOOK 27, PAGES 137 THROUGH 140, OF THE PUBLIC RECORDS OF PASCO COUNTY, FLORIDA.

(the "Real Property")

to Buyer(s) for the gross purchase price of $ 280,000.00, subject to the consent of lienholders, and in accordance with the terms provided for in the Motion.

4. The Trustee is authorized to execute any such releases, termination statements, assignments, consents or instruments on behalf of any third party, including the holders of any liens, claims or interests, that are necessary or appropriate to effectuate or consummate the sale. Moreover, the Trustee is hereby authorized to execute the purchase agreement, or other related documents that are reasonably necessary or appropriate to complete the sale, and to undertake such other actions as may be reasonably necessary or appropriate to complete the sale.

5. The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets; and (b) other anticipated closing costs (estimated below):

```
    Total Sales/Brokers Commission:
    6% of base sale price to Future Home Realty            $ 16,800.00*
*this commission is intended to be shared with a cooperating agent / negotiator.
    Title Charges:                                         $ 3,182.00
    Government recording / transfer charges:               $ 2,041.25
```

    Satisfaction of Liens:
        US Bank        $ 239,417.67
        PACE Loan        $ 7,163.40
    Misc.
    Estoppel Letter Fee to homewisedocs.com        $ 500.00
    Municipal Lien Search to Target Lien Search        $ 214.00
    Past Due HOA Dues to Nature's Hideaway Phase III HOA        $ 716.46

Without further order of the court, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described above so long as they are within industry standard.

6.    Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyer(s) on an "as is, where is" or "with all faults" basis.

7.    This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

8.    The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's bankruptcy estate.

9.    No term contained in this order shall compel lienholders of the Real Property to accept payment of less than the full balance owed as of the date of closing in consideration of release of its lien.

10.    The 14 day stay period pursuant to Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

Richard M. Dauval, Esq., is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.